**JOMARK TEXTILES, INC., Plaintiff,**

v.

**INTERNATIONAL FIRE AND MARINE INSURANCE CO., LIMITED, Defendant.**

**No. 87 Civ. 8213 (JMW).**

United States District Court, S.D. New York.

Nov. 24, 1989.

Lian, Geringer & Dolan, New York City, for plaintiff.

Walker & Corsa by Richard A. Corwin, New York City, for defendant.

### MEMORANDUM AND ORDER

WALKER, District Judge:

Plaintiff Jomark Textiles, Inc. ("Jomark") brings this action for indemnification under a contract of insurance. Defendant International Fire and Marine Insurance Co. Limited, ("International Fire and Marine") seeks summary judgment dismissing the complaint on the ground that

the loss alleged by Jomark is not covered by the insurance policy. For the reasons set forth below, the Court grants the defendant's motion.

## I. BACKGROUND

The following facts are undisputed except where otherwise noted. During November and December 1984, Jomark imported 159 cartons of textiles, ("the goods"), from Korea to New York via the west coast of the United States in bond. The goods arrived at the Port of New York on or about January 14, 1985, and Jomark initially placed them in the bonded Resources Warehouse in Seacaucus, New Jersey where they remained for seven days. Jomark then arranged to truck the goods to a second bonded warehouse, the Van Brunt Warehouse, located at 201 Bay Avenue in Elizabeth, New Jersey where they were to remain until Jomark determined their final disposition. Arbergel Dep., Corwin Aff., May 17, 1989 ("Corwin Aff. I), Ex. B. at p. 70, lines 2–3.

Defendant maintains that the goods arrived at the Van Brunt Warehouse on February 20, 1985 and were subsequently destroyed in a fire that razed the building on February 20 and 21, 1985. Although in its complaint plaintiff alleges that "the goods were caused to sustain loss and damage in and about February 21, 1985, at or near premises known as 201 Bay Avenue, Elizabeth, New Jersey", Complaint at 1, plaintiff contends on this motion that while it never received the goods, there is no evidence that the goods ever arrived in the Van Brunt Warehouse.

Jomark subsequently filed a claim with International Fire and Marine for the value of goods pursuant to its "all risk" Marine Cargo Insurance policy which provided in pertinent part that:

1. This insurance attaches from the time the goods leave the warehouse or place of storage at the place named in the policy for the commencement of the transit, continues during the ordinary course of transit and terminates either on delivery

(a) to the Consignees' or other final warehouse or place of storage at the destination named in the policy,

(b) to any other warehouse or place of storage, whether prior to or at the destination named in the policy, which the Assured elect to use either

    (i) for storage other than in the ordinary course of transit or

    (ii) for allocation or distribution, ...

whichever shall first occur.

(the "in-transit clause"). Def's. Mem. at 2. Claiming that the loss was not covered under the Marine Cargo policy, International Fire and Marine refused to indemnify Jomark. Consequently, Jomark filed this action on September 22, 1987.

## II. DISCUSSION

Summary judgment is appropriate only where "there is no genuine issue as to any material fact ..." Fed.R.Civ.P. 56(c). A genuine dispute exists if a "reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Although the burden is on the moving party to show that no relevant facts are in dispute, *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 444 (2d Cir.1980), the nonmoving party may not rely simply "on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." *Knight v. U.S. Fire Insurance Co.*, 804 F.2d 9, 12 (2d Cir.1986), *cert. denied*, 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1987). If the evidence supporting the non-movant's claims is meager, the moving party may simply point out "to the district court that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986).

In opposing summary judgment, Jomark contends that a material issue of fact remains as to whether the goods were in fact delivered to the Van Brunt Warehouse or were somehow lost or destroyed enroute from the Resources Warehouse. Upon careful review of the briefs, affidavits, documentary evidence and deposition transcripts submitted by the parties, the Court concludes that this case is ripe for sum-

mary judgment as "no genuine issue of material fact" remains.

The overwhelming evidence before the Court at this time suggests that the goods did, in fact, enter the Van Brunt Warehouse. A report of an investigation performed at Jomark's request the day after the fire by Toplis and Harding, a surveying and adjusting company, indicates that although the documentation regarding the contents of the warehouse was destroyed in the fire, "the subject cargo was stored at the Van Brunt Warehouse at the time of the fire according to consignees." Corwin Aff., Aug. 25, 1989 ("Corwin Aff. II"), Ex. A at 2. Similarly, Toplis and Harding's notice to International Fire and Marine also indicates that the goods were destroyed in the fire. Corwin Aff. II, Exs. B, C. In addition, a letter from the Van Brunt Warehouse notifying Jomark of the fire also states that the goods were destroyed and that Jomark should contact its own insurance company. Corwin Aff. II, Ex. D.

Jomark itself conceded that the goods were destroyed in the fire in its Application for Allowance in Duties to the United States Customs Service. Corwin Aff. II, Ex. H. The receipt from the trucking company that brought the goods to Van Brunt is stamped "DELIVERED FEB 20 1985." Corwin Aff. II, Ex. I. Plaintiff has submitted nothing to contradict defendant's clear evidence that the goods did arrive at the Van Brunt Warehouse. In the face of this overwhelming evidence, Jomark's bare assertion that a genuine issue of fact remains as to whether the goods were delivered is unavailing. Thus, the Court concludes that the goods were in fact delivered to the warehouse.

International Fire and Marine contends that once the goods were deposited in the Van Brunt Warehouse they were no longer in transit within the meaning of the "in-transit clause", and thus no longer covered by the Marine Cargo policy when they were destroyed by the fire that consumed the warehouse. Jomark does not dispute the defendant's interpretation of the in-transit provision, but contends that the defendant has failed to meet its burden of proving

that the loss occurred through a cause excepted from coverage by an exclusionary term of the policy, presumably the in-transit clause. The Court disagrees.

The burden of proof generally is on the insured to show that a loss arose from a covered peril. *Northwestern Mutual Life Insurance v. Linard*, 498 F.2d 556, 561 (2d Cir.1974). Under an all risks policy, the insured has the burden of establishing a *prima facie* case for recovery by proving the existence of the all risks policy, and the loss of the covered property. *Great Northern Insurance Co. v. Dayco Corp.*, 637 F.Supp. 765, 777 (S.D.N.Y.1986). Once the insured has established a *prima facie* case, the burden shifts to the insurer to prove that the claimed loss is excluded from coverage under the policy. *Id.*

Jomark contends that the in-transit clause is an exclusionary term and, therefore, International Fire and Marine must prove that the proximate cause of the loss is included within the alleged exclusionary term in order to prevail. International Fire and Marine contends, however, that the in-transit clause is not an exclusionary term, but rather *extends* coverage to certain inland transit and, therefore, does not relieve Jomark of its burden of proving loss by a covered peril. After careful review of the parties' submissions, the Court concludes that it need not reach this issue because under either interpretation, defendant is entitled to summary judgment.

As discussed above, Jomark has failed to show that a genuine issue of fact remains as to whether the goods were delivered to the Van Brunt warehouse. The in-transit clause provides that coverage terminates on delivery of the goods to

> (b) to any other warehouse or place of storage, whether prior to or at the destination named in the policy, which the assured elect to use either
>> i. for storage other than in the ordinary course of transit or
>> ii. for allocation or distribution ... whichever shall first occur.

In his deposition, Joseph Abergel, President of Jomark testified that this was to be used as a "staging place" from which Jo-

mark would distribute the goods once it determined their final destination. Corwin Aff. I, Ex. B at pp. 62, 65, 69, 70. Thus, Van Brunt was a "warehouse which [Jomark] use[d] ... for allocation or distribution" within the meaning of the in-transit clause. Jomark does not dispute this conclusion. Furthermore, Abergel testified that Van Brunt would follow Jomark's instructions concerning the disposition of the goods. *Id.* at 69. Since Jomark exercised dominion and control over the goods, they were no longer in-transit as a matter of law, and therefore, were no longer covered by the Marine Cargo policy. *See, e.g., Lumber & Wood Products v. New Hampshire Insurance Co.*, 807 F.2d 916, 920 (11th Cir.1987) (coverage under transit policy ceased when owner exercised dominion and control over the goods). Thus, assuming *arguendo* that the in-transit clause is an exclusionary term, International Fire and Marine is nonetheless entitled to judgment having met its burden of proving that the loss is included within the exclusionary term.[1]

### III. CONCLUSION

Accordingly, the Court grants defendant's motion for summary judgment. The Court finds that an award of costs and attorney's fees is not warranted in this case. Accordingly, defendant's request for costs and fees is denied.

SO ORDERED.

---

1. Reading the in-transit clause as extending rather than excluding coverage as the defendant suggests does not change the result as the Court finds that Jomark has failed to meet its burden of proving that the loss arose from a covered a peril.